IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IREAN M. REED,                )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              ) Civil Action No. 07-303J
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of February, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on April 26, 2005, alleging disability beginning April 12, 2004, due to chronic obstructive pulmonary disease, post traumatic stress disorder, depression and anxiety. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 26, 2006. On February 22, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 18, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 34 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a telemarketer, but she has not engaged in substantial gainful activity at any time since she filed her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of obesity, osteoarthritis of the knees, chronic laryngitis with true vocal cord nodules and hoarseness, chronic obstructive pulmonary disease, hypothyroidism, bipolar disorder, anxiety disorder and a learning disability, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work that does not involve prolonged walking and/or standing, along with a number of other limitations. Plaintiff must avoid exposure to fumes, odors, dusts, gases, environments with poor ventilation, hot and cold temperature extremes, and extreme dampness and humidity. In addition, plaintiff is limited to simple, routine, repetitive job tasks, as well as work that is not performed in a fast-paced production environment. Further, plaintiff is limited to work that involves one or two step tasks with oral directions and involves only simple, work related decisions and relatively few work place changes. Finally, plaintiff is restricted to occasional interaction with supervisors and no interaction with co-workers or the general public (collectively, the "RFC

AO 72
(Rev. 8/82)

Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a ticket printer, garment arranger, laundry distributor, grader, surveillance monitor, sorter, labeler or weight tester. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she

has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85

AO 72
(Rev. 8/82)

(3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals a listing under the following sections: 1.00 (relating to the musculoskeletal system), 2.00 (relating to special senses and speech), 3.00 (relating to the respiratory system), 9.00 (relating to the endocrine system) or 12.00 (relating to mental disorders).

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from obesity, osteoarthritis of the knees, chronic laryngitis with true vocal cord nodules and hoarseness, chronic obstructive pulmonary disease, hypothyroidism, bipolar disorder, anxiety disorder and a learning disability, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even

when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.00, 2.00, 3.00, 9.00 and 12.00, but he found that plaintiff's condition does not meet or equal the criteria of any listing under any of those sections. (R. 16). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 17).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a listing, plaintiff did not explain how her medical conditions satisfy the criteria of any particular listing, nor did she identify any medical evidence to support her argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing

◈AO 72
(Rev. 8/82)

- 7 -

a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he incorrectly assessed her residual functional capacity and he failed to give appropriate weight to her treating physicians' opinions. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first argues that the ALJ erred in finding that she can perform light work. More specifically, plaintiff claims that the ALJ failed to consider her obesity and whether it impacts the osteoarthritis in her knees. To the contrary, the ALJ correctly concluded that plaintiff has the residual functional capacity to perform light work with the additional limitations set forth in the RFC Finding, and he specifically considered the impact of her obesity on her osteoarthritis. In that regard, the ALJ noted that although plaintiff's weight places stress on her joints, her physical examinations revealed normal findings concerning her ability to walk and move about, she had a full range of motion in all joints, and she had full muscle strength, reflexes and coordination. (R. 20). In sum, the court finds that the ALJ's RFC Finding accommodated all of plaintiff's mental and physical functional limitations that were established by the evidence.

Plaintiff next argues that the ALJ erred by failing to give appropriate weight to the opinions of her treating physicians,

AO 72
(Rev 8/82)

particularly regarding her ability to work and maintain pace during the workday. Pursuant to 20 C.F.R. §416.927(d), the ALJ thoroughly analyzed the medical opinions of record and explained the reasons for the weight that he gave to those opinions. (R. 21-22). Significantly, no medical source opinion supports plaintiff's claim that she is unable to work. Rather, Dr. Palmer found that plaintiff is capable of performing simple, routine, repetitive tasks (R. 179, 181), and the ALJ incorporated Dr. Palmer's opinion into the RFC Finding. Accordingly, plaintiff's argument that the ALJ failed to give appropriate weight to the medical opinions of record lacks merit.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)